IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JULIE BURKE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO.:_____ |
| | § | |
| UNITED PROPERTY & CASUALTY | § | |
| INSURANCE COMPANY and | § | |
| NICOLAS CEPEDA, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT UNITED PROPERTY & CASUALTY INSURANCE COMPANY'S
<u>NOTICE OF REMOVAL</u>**

Defendant United Property & Casualty Insurance Company ("UPC" or "Defendant") files this Notice of Removal:

**I.       Background**

1.      On May 16, 2016, Plaintiff Julie Burke ("Plaintiff") filed this lawsuit in Harris County, Texas, naming UPC and Nicolas Cepeda as Defendants.

2.      Plaintiff served UPC with a copy of the Petition on June 1, 2016.

3.      Plaintiff served Nicolas Cepeda ("Cepeda") with a copy of the Petition on or about June 10, 2016. Cepeda's answer is due July 5, 2016.

4.      UPC files this notice of removal within 30 days of receiving Plaintiff's initial pleading. *See* 28 U.S.C. § 1446(b). In addition, this Notice of Removal is being filed within one year of the commencement of this action. *See id.*

5.      As required by Local Rule 81 and 28 U.S.C. § 1446(a), simultaneously with the filing of this notice of removal, attached hereto as Exhibit "A" is an Index of Matters Being Filed. A copy of the Docket Sheet is attached as Exhibit "B." A copy of Plaintiff's Original

Petition, Jury Demand and Request for Disclosure is attached as Exhibit "C." A copy of the Civil Case Information Sheet is attached as Exhibit "D." A copy of the letter requesting citations be issued is attached as Exhibit "E." A copy of the Civil Process Pick-up form is attached as Exhibit "F." A copy of the Citation to UPC is attached as Exhibit "G" and a copy of the signed certified mail card for UPC is attached as Exhibit "H." A copy of the Affidavit for Service on Nicolas Cepeda is attached as Exhibit "I." Defendant United Property & Casualty Insurance Company's Special Exceptions and Original Answer to Plaintiff's Original Petition is attached as Exhibit "J" and the proposed Order Sustaining the Special Exception is attached as Exhibit "K." UPC's First Amended Answer is attached as Exhibit "L." Finally, the list of Counsel and Parties to the Case is attached as Exhibit "M." A copy of this Notice is also being filed with the state court and served upon the Plaintiff.

6. Venue is proper in this Court under 28 U.S.C. § 1441(a) because this district and division embrace Harris County, Texas, the place where the removed action has been pending.

## II.   Basis for Removal

7. Removal is proper based on diversity of citizenship under 28 U.S.C. §§ 1332(a), 1441(a) and 1446. This is a civil action between citizens of different states, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

### A.   The Proper Parties Are Of Diverse Citizenship.

8. Plaintiff is, and was at the time the lawsuit was filed, a resident and citizen of Texas.

9. UPC was at the time this action was commenced, and still is, a foreign (Florida) property and casualty insurance company authorized to do business in the State of Texas. UPC is organized under Chapter 982 of the Texas Insurance Code.

10. Upon information and belief, Cepeda is and was at the time the lawsuit was filed, a resident and citizen of the State of Texas. With respect to the claims against Cepeda, it is UPC's position that Cepeda has been fraudulently joined in this action. Therefore, the Texas citizenship of Cepeda should be disregarded for the purposes of evaluating diversity in this matter.

11. When fraudulent joinder is asserted, the Court must "pierce the pleadings" to determine whether a cause of action grounded in fact exists. *Carriere v. Sears, Roebuck & Co.,* 893 F.2d 98, 100 (5th Cir. 1990), *cert. denied,* 498 U.S. 817 (1990). The failure to specify a legal and factual basis for a claim against a non-diverse party constitutes a failure to state a claim and results in fraudulent joinder of that party. *Waters v. State Farm Mut. Auto. Ins. Co.,* 158 F.R.D. 107, 109 (S.D. Tex. 1994).

12. Here, Plaintiff asserts generic claims against Cepeda for violations of the Texas Insurance Code and violations of the Deceptive Trade Practices Act. *See* Pl's Orig. Pet., Exhibit C, ¶¶ 15-19 and 57-64). Based on Plaintiff's pleading, there is no basis for predicting that Plaintiff might be able to establish liability against Cepeda because no real facts relating to him have been set forth. Plaintiff's claims against Cepeda consist merely of labels, conclusions, and formulaic recitations of the elements of causes of action. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 127 S. Ct. 1955, 1964-65, 167 L.Ed.2d 929, 940 (2007); *see also Ashcroft v Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 1945, 173 L.Ed.2d 868 (2009). As such, Plaintiff cannot "establish a cause of action against [Cepeda] in state court." *See International Energy Ventures Management, L.L.C.,* 2016 WL 1274030, at *6-7; *Travis v. Irby,* 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds,* 181 F.3d 694, 698 (5th Cir. 1999)); *see also Bianca Tabarestani v. United Prop. & Cas. Ins. Co., et al,* Civil Action No. H-16-712, (S.D. Tex. June

29, 2016) (Werlein, J.); *see also TAJ Properties, LLC v. Zurich American Ins. Co.*, Civil Action No. H-10-2512, 2010 WL 4923473 at *2 (S.D. Tex. Nov. 29, 2010) (Werlein, J.). Because there is no reasonable basis for this Court to predict that the Plaintiff might be able to recover against Cepeda, his presence should be disregarded in determining diversity jurisdiction.

13. Because Plaintiff is a citizen of Texas and Defendant UPC is a citizen of Florida, complete diversity of citizenship exists among the proper parties.

B. **The Amount in Controversy Exceeds $75,000.00.**

14. This is a civil action in which the amount in controversy exceeds $75,000.00. Plaintiff's Petition expressly alleges that "Plaintiff seeks only monetary relief of no less than $100,000.00, but no more than $200,000.00." *See* Exhibit C ¶ 77.

### III. Conclusion and Prayer

15. Accordingly, all requirements are met for removal under 28 U.S.C. §§ 1332 and 1441. United Property & Casualty Insurance Company hereby removes this case to this Court for trial and determination.

Respectfully submitted,

/s/ Rhonda J. Thompson
**RHONDA J. THOMPSON, ATTORNEY-IN-CHARGE**
rthompson@thompsoncoe.com
State Bar No. 24029862
Southern District No.: 17055
**SHANNON BECK**
sbeck@thompsoncoe.com
State Bar No. 24092102
Southern District No.: 2715159

**THOMPSON, COE, COUSINS & IRONS, LLP.**
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201
(214) 871-8200 - Telephone
(214) 871-8209 – Fax

-and-

**CHRISTOPHER H. AVERY**
cavery@thompsoncoe.com
State Bar No.: 24069321
Southern District No.: 1048591

**THOMPSON, COE, COUSINS & IRONS, L.L.P.**
One Riverway, Suite 1400
Houston, Texas 77056-1988
(713) 403-8203  Telephone
(713) 403-8299  Facsimile

**COUNSEL FOR DEFENDANT**
**UNITED PROPERTY & CASUALTY**
**INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 30th day of June, 2016, the foregoing pleading was served on the following counsel of record in accordance with the Federal Rules of Civil Procedure:

Chad T. Wilson
Kimberly Ninh Blum
Chad T. Wilson Law Firm PLLC
1322 Space Park Drive, Suite A155
Houston, TX 77058
Fax: (281) 940-2137
CWilson@cwilsonlaw.com
kblum@cwilsonlaw.com
*Counsel for Plaintiff*

/s/ Rhonda J. Thompson
Rhonda J. Thompson